AFFIRM; Opinion issued October 31, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01601-CR
No. 05-11-01602-CR

**JONATHAN DEMONT HOLLOWAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F05-60561-L & F09-58725-L**

## MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Fillmore

The trial court granted the State's motions to adjudicate, found Jonathan Demont Holloway guilty of aggravated robbery and assault involving family violence, and assessed punishment of six years' imprisonment on each offense. Holloway complains he was deprived of his rights to due process and due course of law because the State failed to give him timely written notice of the motions to adjudicate. Because this complaint was not preserved for our consideration, we affirm the trial court's judgments. The background of the cases and the evidence admitted at the hearing are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be

applied is well settled.

## Background

On March 16, 2006, Holloway pleaded guilty to aggravated robbery (cause number F05-60561-L). Pursuant to a plea bargain agreement, the trial court deferred adjudicating Holloway's guilt, placed Holloway on community supervision for four years, and assessed a fine of $1000. On February 10, 2009, the State moved to adjudicate guilt, asserting Holloway violated a number of the conditions of his community supervision, including committing a new offense of unlawfully carrying a weapon. On April 1, 2009, the trial court continued Holloway on community supervision, but modified the conditions of community supervision to require Holloway to spend sixty days in jail, participate in a substance abuse and/or psychological health treatment program, and submit to random urinalysis.

On October 29, 2009, the State filed a second motion to adjudicate guilt in the aggravated robbery case on grounds Holloway had committed assault involving family violence (cause number F09-58725-L) and failed to pay fees and restitution required by the terms of his community supervision. On January 28, 2010, Holloway pleaded guilty to the assault offense. The trial court deferred adjudicating Holloway's guilt on the assault charge, placed Holloway on community supervision for a period of four years, and assessed a $500 fine. The trial court also extended the period of community supervision in the aggravated robbery case by two years.

On December 28, 2010, the State filed motions to adjudicate guilt in both cases, alleging Holloway violated a number of conditions of his community supervision, including testing positive for "THC" on two occasions and failing to report to his probation officer. The hearing on the State's motions occurred on October 11, 2011. Holloway was served with the motions on the day of the hearing.

Holloway entered an open plea of true to the allegations he tested positive for "THC" and failed to report to his probation officer. During the hearing, Holloway testified he had reviewed the motions with his attorney and understood each allegation in the motions. Holloway also indicated he understood he had a right to a hearing on the motions, a right to call witnesses, and a right to cross-examine the State's witnesses. Holloway answered affirmatively when asked if he wanted to "give up" those rights and proceed on the plea of "true." Holloway admitted he smoked marijuana while on community supervision and failed to report as required. Holloway indicated that, if the trial court continued him on community supervision, he would abide by all conditions.

The trial court granted the State's motions, adjudicated Holloway guilty of both offenses, and sentenced him to six years' imprisonment on each offense.

### Analysis

Holloway complains on appeal that, because he was not served with the State's motions to adjudicate until the day of the hearing, he was deprived of due process of law under the Fifth Amendment to the United States Constitution and due course of law under article 1, section 19 of the Texas Constitution. Generally, to preserve a complaint for appellate review, a party must make a timely, specific request, objection, or motion in the trial court and obtain an adverse ruling from the trial court. TEX. R. APP. P. 33.1(a); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (to avoid forfeiting complaint, party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it") (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). The requirement of preservation of error generally applies to constitutional errors. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("almost all error—even constitutional error—may be forfeited if the appellant failed to object"); *Curry v. State*, 910 S.W.2d

490, 496 (Tex. Crim. App. 1995) (appellant did not raise due process and due course of law objections in trial court and, therefore, failed to preserve issue for appellate review).[1] A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (per curiam) (op. on reh'g) (quoting *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009)).

Holloway did not raise his complaint that he was deprived of his rights to due process and due course of law in the trial court. Accordingly, he failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1; *Pena*, 285 S.W.3d at 454; *Curry*, 910 S.W.2d at 496.[2] We resolve Holloway's sole issue against him and affirm the trial court's judgments.

ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111601F.U05

---

[1] *See also Norman v. State*, No. AP-76063, 2011 WL 1158574, at *3 (Tex. Crim. App. Feb. 16, 2011) (not designated for publication) (appellant did not raise due process and due course of law objections in trial court and, therefore, did not preserve complaints for appellate review).

[2] *See also League v. State*, Nos. 05-09-00042-CR, 05-09-00043-CR, 2010 WL 670230, at *1 (Tex. App.—Dallas Feb. 6, 2010, no pet.) (mem. op., not designated for publication); *Lovell v. State*, No. 10-10-00180-CR, 2012 WL 503653, at *1 (Tex. App.—Waco Feb. 15, 2012, no pet.) (mem. op., not designated for publication); *Hankins v. State*, No. 02-11-00117-CR, 2011 WL 6260870, at *2 (Tex. App.—Fort Worth Dec. 15, 2011, pet. ref'd) (mem. op., not designated for publication).

–4–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN DEMONT HOLLOWAY,
Appellant

No. 05-11-01601-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 5 of Dallas County, Texas. (Tr.Ct.No. F05-60561-L).
Opinion delivered by Justice Fillmore, Justices Moseley and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 31, 2012.

ROBERT M. FILLMORE
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JONATHAN DEMONT HOLLOWAY,
Appellant

No. 05-11-01602-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No.
5 of Dallas County, Texas. (Tr.Ct.No. F09-
58725-L).
Opinion delivered by Justice Fillmore,
Justices Moseley and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered October 31, 2012.


_____
ROBERT M. FILLMORE
JUSTICE